

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2006

# USA v. Tommassello

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5022

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"USA v. Tommassello" (2006). *2006 Decisions.* Paper 1209.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1209

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-174                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5022
_____

UNITED STATES OF AMERICA

v.

ROBERT TOMMASSELLO,

Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Crim. No. 01-cr-00409)
District Judge: Honorable Thomas I. Vanaskie

_____

Submitted For Possible Dismissal for Lack of Timely Filing and Possible Summary
Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 23, 2006

Before: RENDELL, AMBRO and GREENBERG, Circuit Judges

(Filed  April 26, 2006)
_____

OPINION
_____

PER CURIAM

    Robert Tommassello appeals the District Court's order denying his motion to

vacate his conviction and sentence filed pursuant to Fed. R. Civ. P. 60(b).  On February 2,

2001, in S.E.C. v. Tommassello, M.D. Pa. Civ. No. 98-cv-00322, the District Court entered a consent order of a permanent injunction against Tommassello. The District Court reserved the amount of disgorgement and penalties. In February 2002, Tommassello pled guilty to fraud and tax evasion and was sentenced in March 2003 to thirty-seven months in prison. On May 13, 2005, Tommassello filed a motion pursuant to Fed. R. Civ. P. 60(b). The District Court denied the motion, and Tommassello filed a timely notice of appeal.

In his Rule 60(b) motion, Tommassello argued that the consent order, which permanently enjoined him from violating certain federal laws, constituted criminal punishment. Thus, he contended, one count of his criminal conviction was in violation of the Double Jeopardy Clause. The District Court determined that a motion pursuant to Rule 60(b) could not be used to attack a criminal conviction. It then concluded that even if Tommassello's claims were properly before it, they were meritless. We agree with the District Court that regardless of how Tommassello's motion is construed, his claims are without merit. The Double Jeopardy Clause only prohibits multiple criminal punishments for the same conduct. Hudson v. United States, 522 U.S. 93, 99 (1997). The permanent injunction against Tommassello in the SEC action is not a criminal punishment and did not trigger the protections of the Double Jeopardy Clause. See S.E.C. v. Palmisano, 135 F.3d 860 (2d Cir. 1998).

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by

2

the District Court, we will summarily affirm the District Court's order.  <u>See</u> Third Circuit

I.O.P. 10.6.